O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04360 AHM (OPx) | Date | August 8, 2011 |
|---|---|---|---|
| Title | MICHAEL W. POWELL v. CITY OF FONTANA, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:      Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

     This case is before the Court on a motion for a preliminary injunction filed by plaintiff Michael A. Powell ("Plaintiff").[1] Plaintiff seeks an injunction "prohibiting Defendants from continuing . . . to exercise control over [P]laintiff's property, and to restore all possessory rights over the premises to [P]laintiff . . . ." Motion at 2. The Court held a hearing on June 27, 2011. For the reasons set forth below, the Court DENIES the motion.[2]

## I.    FACTS

     Plaintiff leases the premises at 16790 Foothill Boulevard in Fontana, CA ("Premises"), where he operates A-1 Relief, a medical marijuana dispensary. Declaration of Michael Powell ("Powell Decl.") at ¶¶ 1-2. On April 1, 2011, Plaintiff allowed Fontana Code Enforcement Officer Luis Tejeda ("Tejeda") to enter the Premises to inspect for building code violations. Powell Decl. at ¶ 5. As of April 1, 2011, A-1 Relief did not appear to be open for business. Declaration of Luis Tejeda ("Tejeda Decl.") at ¶ 6. After inspecting the Premises, Tejeda issued a Notice of Violation that required Plaintiff to stop unpermitted construction, remove a screen from the east side of the Premises and remove an unpermitted wall inside the garage. Declaration of J. David Nick ("Nick Decl.") at ¶ 12. The Notice of Violation set a compliance date of April 5,

---

    [1] On May 25, 2011, the Court denied Plaintiff's *ex parte* application for a temporary restraining order and set a hearing on the preliminary injunction.

    [2] Docket No. 3.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04360 AHM (OPx) | Date | August 8, 2011 |
|---|---|---|---|
| Title | MICHAEL W. POWELL v. CITY OF FONTANA, et al. | | |

2011. Nick Decl. at Exh. 1. Plaintiff and Steve Sanchez claim that they corrected the noticed violations on April 2, 2011. Declaration of Steven A. Sanchez ("Sanchez Decl.") at ¶ 2.

Tejeda returned to the Premises several times between April 5, 2011 and April 13, 2011, but was unable to contact anyone on the Premises and so could not perform an inspection. Tejeda Decl. at ¶ 7. On April 13, 2011, Tejeda and other officers returned to the Premises and asked to enter the main building. Powell Decl. at ¶ 6. Plaintiff refused to consent to a general search, but offered to allow the officers to inspect the areas mentioned in the April 1, 2011 citation. Powell Decl. at ¶ 6. Tejeda declined a limited inspection and told Plaintiff he would return with a warrant. Powell Decl. at ¶ 6.

The next day, on April 14, 2011, Tejeda obtained a warrant for the inspection and abatement of code violations on the Premises. Nick Decl. at Exh. 3. By this time, A-1 Relief was operating as a business and was open to customers. Tejeda Decl. at ¶ 10 ("There was a sign on the front of the building that read "Come in We're OPEN."). During the execution of the warrant, Tejeda observed electromagnetic locks used on a series of doors through which patrons of the marijuana dispensary would have to pass to enter and exit the Premises. Tejeda Decl. at ¶ 11. "The inside of the building is configured . . . such that a patron must pass through three separate doors to enter and exit the main portion of the business where the marijuana distribution would take place. The first door is between the outside of the building and a small lobby or waiting area. This door has a[n] electromagnetic lock which must be released remotely to allow the door to open. . . . Once in the waiting room, there is a second door that leads to a smaller room . . . . This second door has the same locking mechanism as the door between the lobby and outside of the building. Between this small . . . room and the main room of the business . . . is a third door which also has the same locking mechanism as the first two." Tejeda Decl. at ¶¶ 3-5.

Tejeda claims he first observed these locks during his April 1, 2011 inspection, discussed them with Plaintiff, and told him the locks were installed in violation of the Building Code and were unpermitted construction. Tejeda Decl. at ¶ 6. Such locks are allowed only if the building in which they are installed is equipped with both an automatic sprinkler system and an approved smoke detection system, and if the locks automatically deactivate when the sprinkler system or smoke detector is triggered. 2010

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04360 AHM (OPx) | Date | August 8, 2011 |
|---|---|---|---|
| Title | MICHAEL W. POWELL v. CITY OF FONTANA, et al. | | |

Cal. Building Code § 1008.1.9.7.[3] The Premises did not have the required automatic sprinkler system or an approved smoke detector. The obvious danger, in the absence of such precautions, is that the electromagnetic locks could trap patrons inside the building during a fire. Tejeda Decl. at ¶ 13. When he first observed the locks on April 1, 2011, Tejeda did not believe the locks created an emergency because A-1 Relief was not yet open for business. Tejeda Decl. at ¶ 6.

Plaintiff claims to have disabled the electromagnetic locks in Tejeda's presence during the April 14, 2011 inspection by unplugging them. Powell Decl. at ¶ 13. Tejeda claims that he did not witness Plaintiff, or anyone else, disable the electromagnetic locks. Tejeda Decl. at ¶ 12. Plaintiff has submitted what he claims to be security camera footage demonstrating Tejeda standing behind Plaintiff during the inspection, while Plaintiff unplugs one of the electronic locks. Defendant objects to the camera footage on the basis of a lack of foundation and the best evidence rule. The Court overrules the objections as moot. Even if Plaintiff did unplug the locks, the locks were not truly disabled, insofar as the locks could simply be plugged back in as soon as Tejeda and the other officers left. Declaration of Steven Myers ("Myers Decl.") at ¶ 5.

Based on the electromagnetic locks posing an immediate danger to the safety of A-1 Relief's patrons, Tejeda and the other officers determined the building was unsafe to occupy. Powell Decl. at ¶ 15. The officers secured the building by chaining two of the three doors, boarding up the third door, and boarding up the building's two windows. Powell Decl. at ¶ 16. The officers posted a notice that entry into the premises was unlawful. Tejeda Decl. at ¶ 13. The officers did not have a court order authorizing them to seize the premises. Powell Decl. at ¶ 18.

On April 15, 2011, Plaintiff's counsel sent a letter to Tejeda requesting access to the Premises in order to evaluate the code violations and to apply for a permit to correct them. Nick Decl. at Exh. 6. The letter also informed Tejeda that the building's seizure violated the United States Constitution because no exigent circumstances existed at the time of the seizure. Nick Decl. at Exh. 6.

---

[3] The Court takes judicial notice of the fact that the City of Fontana has adopted the 2010 California Building Code. Fontana Ordinance No. 1628.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04360 AHM (OPx) | Date | August 8, 2011 |
|---|---|---|---|
| Title | MICHAEL W. POWELL v. CITY OF FONTANA, et al. | | |

On April 18, 2011, the City of Fontana ("the City") responded in writing to Plaintiff. Nick Decl. at Exh. 7. The City explained that, in its view, adequate cause existed summarily to abate the conditions on the Premises and that a post-deprivation administrative hearing would provide adequate due process. Nick Decl. at Exh. 7. The City provided notice that such an administrative hearing would be held on April 26, 2011, at which both parties would have an opportunity to present evidence in support of their respective positions. Nick Decl. at Exh. 7. The City also agreed to allow Plaintiff to inspect the Premises, but informed Plaintiff that it could not issue a building permit if the Premises would continue to be used as a marijuana dispensary, because the City prohibited the operation of such dispensaries.[4] Nick Decl. at Exh. 7.

Neither Plaintiff nor his counsel attended the administrative hearing, having communicated their refusal to do so in writing. Nick Decl. at Exh. 10. After considering the evidence presented, the hearing officer concluded in a written order that "the condition of the Property creates an immediate threat to life, limb and safety of the public and the occupants of the Property and the City's order to vacate the Property is supported by a preponderance of the evidence." Nick Decl. at Exh. 10. The City sent the hearing officer's order to Plaintiff's counsel on April 29, 2011. Nick Decl. at Exh. 10.

In May 2011, Plaintiff hired Marlow LaFountaine, a California-licensed contractor, and David Lopez, a former Riverside County Building Inspector, to inspect the Premises for alleged code and safety violations. LaFountaine Decl. at 1; Lopez Decl. at 2. After visually inspecting the Premises, LaFountaine and Lopez determined that no conditions existed on the Premises that presented an immediate danger to anyone. LaFountaine Decl. at 3; Lopez Decl. at 2.

On May 20, 2011, Plaintiff filed a complaint against the City and Tejeda, seeking injunctive relief and damages for violation of Plaintiff's civil rights. On May 24, 2011, Plaintiff filed an *ex parte* application for a temporary restraining order and an order to show cause regarding a preliminary injunction. The Court now turns to the merits of the requested preliminary injunction.

---

[4] Neither party explains why, if the City outright prohibits the operation of marijuana dispensaries, it did not simply close Plaintiff's business for that reason.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04360 AHM (OPx) | Date | August 8, 2011 |
|---|---|---|---|
| Title | MICHAEL W. POWELL v. CITY OF FONTANA, et al. | | |

## II. ANALYSIS

### A. Legal Standard for Preliminary Injunction

As the Supreme Court has articulated,

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008); *see also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1126-27 (9th Cir. 2009) (quoting *Winter*, 129 S. Ct. at 374).

A plaintiff also may obtain a preliminary injunction upon a showing of "serious questions going to the merits and a hardship balance that tips sharply towards the plaintiff . . ., so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance For the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1046 (9th Cir. 2010) (internal quotation marks omitted) (holding that "the 'serious questions' approach survives *Winter* when applied as part of the four-element *Winter* test").

"In all cases, the burden of persuasion remains with the party seeking preliminary injunctive relief." WILLIAM SCHWARZER ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 13:159 (2010) (citing *West Point-Pepperell, Inc. v. Donovan*, 689 F.2d 950, 956 (11th Cir. 1982)). "Because a preliminary injunction is an extraordinary remedy, courts require the movant to carry its burden of persuasion by a 'clear showing.'" *Id*. at § 13:159.1 (citing *City of Angoon v. Marsh*, 749 F.2d 1413, 1415 (9th Cir. 1984)).

### B. Injunctive Relief Is Not Warranted Here Because Plaintiff Has Failed to Demonstrate a Likelihood of Success on the Merits or Serious Questions Going to the Merits of His Substantive Due Process Claim

In his moving papers, Plaintiff alleges that he "has suffered a past and continuing

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04360 AHM (OPx) | Date | August 8, 2011 |
|---|---|---|---|
| Title | MICHAEL W. POWELL v. CITY OF FONTANA, et al. | | |

denial of his substantive due process right not to have his real property seized without an actual state of emergency and without first affording the plaintiff notice and an opportunity to be heard *prior* to the seizure . . . ." Motion at 9 (emphasis in original). In his complaint, Plaintiff alleges that he "he suffered damages and injury for denial of substantive due process in violation of the Fourteenth Amendment . . . ." Complaint at ¶ 37.

The Fifth and the Fourteenth Amendment both afford due process rights. The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. In addition to procedural due process protections, the Constitution protects substantive due process rights. Another federal district court in California recently collected cases summarizing the state of the law concerning substantive due process violations:

> "The concept of 'substantive due process,' semantically awkward as it may be, forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998). The substantive component of the Due Process Clause is violated by executive action only when it "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Collins v. City of Harker Heights*, 503 U.S. 115, 128, 112 S.Ct. 1061, 1070, 117 L.Ed.2d 261 (1992).

> "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright*, 510 U.S. at 272, 114 S.Ct. at 812. The Fourteenth Amendment's due process clause "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg*, 521 U.S. 702, 721, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997). "[R]ecent jurisprudence restricts the reach of the protections of substantive due process primarily to liberties

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04360 AHM (OPx) | Date | August 8, 2011 |
|---|---|---|---|
| Title | MICHAEL W. POWELL v. CITY OF FONTANA, et al. | | |

> 'deeply rooted in this Nation's history and tradition.'" *Armendariz v. Penman*, 75 F.3d 1311, 1319 (9th Cir.1996) (quoting *Moore v. City of East Cleveland, Oh.*, 431 U.S. 494, 503, 97 S.Ct. 1932, 1937, 52 L.Ed.2d 531 (1977)). "Thus, the Fourteenth Amendment protects against a State's interferences with 'personal decisions relating to marriage, procreation, contraception, family relationships, child rearing, and education,' as well as with an individual's bodily integrity." *Armendariz*, 75 F.3d at 1319 (quoting *Planned Parenthood v. Casey*, 505 U.S. 833, 851, 112 S.Ct. 2791, 2807, 120 L.Ed.2d 674 (1992)).

*Willis v. City of Fresno*, 2011 WL 2746250, *13 (E.D. Cal. July 13, 2011) (O'Neill, J.) (addressing and rejecting claim for substantive due process violation arising from fatal police shooting). The *Armendariz* court also noted that "the use of substantive due process to extend constitutional protection to economic and property rights has been largely discredited." 75 F.3d at 1318-19, *abrogated on other grounds by Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 542 (2005) (substantive due process challenges to land regulations are not necessarily preempted by the Takings Clause).[5]

As set forth below, Plaintiff's claim is covered by the language of the 14th Amendment providing for procedural due process. Nonetheless, for the purposes of this analysis, the Court will analyze Plaintiff's claim under the rubric of substantive due process. Plaintiff provides no authority for the proposition that a pre-hearing seizure of property, in the absence of exigent circumstances, necessarily constitutes a substantive due process violation. Nor does Plaintiff include any allegations that suggest the seizure of his property was so arbitrary or conscience-shocking that it rises to the level of a

---

[5] Plaintiff is correct in asserting that certain "[s]ubstantive [d]ue process rights are enforceable and there is no need to sue under the takings clause." *Colony Cove v. City of Carson*, 640 F.3d 948 (9th Cir. 2011) ("[I]f a constitutional claim is covered by a specific constitutional provision, . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process . . . . [However,] a substantive due process claim challenging a 'wholly illegitimate' land use regulation is not foreclosed as subsumed by the Takings Clause . . . .") (quotations marks and citations omitted).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04360 AHM (OPx) | Date | August 8, 2011 |
|---|---|---|---|
| Title | MICHAEL W. POWELL v. CITY OF FONTANA, et al. | | |

substantive due process violation. He does not deny, for example, that his business used the electromagnetic locks, nor does he claim that such locks, if not regulated as Fontana requires, present a risk of danger. His dispute with the City concerns whether or not these locks constituted an actual emergency that justified a seizure of his property without notice or an opportunity to be heard. Plaintiff argues there was no such emergency, because the locks could have been turned off or simply removed from the doors.

     Plaintiff's allegations basically are that his property was subject to a pre-hearing seizure absent truly exigent circumstances. This sets forth a classic *procedural* due process violation. Indeed, the cases relied upon by Plaintiff discuss procedural – not substantive – due process violations. *E.g., United States v. James Daniel Good Real Property*, 510 U.S. 43, 63 (1993) ("Unless exigent circumstances are present, the Due Process Clause requires the Government to afford notice and a meaningful opportunity to be heard before seizing real property subject to civil forfeiture.").[6] Plaintiff claims that *Mathis v. County of Lyon* (633 F.3d 877, 879 (9th Cir. 2011)) "clarified that a person has a separate substantive due process right to not have property seized unless there is an emergency . . . ." Motion at 9. Contrary to Plaintiff's assertion that the Ninth Circuit "clarified" a substantive due process right, *Mathis* does not even mention substantive due process. Instead, the court held only that one of the defendants was not entitled to qualified immunity on the plaintiffs' claim of a *procedural* due process violation. 633 F.3d at 879.

     Indeed, Plaintiff's allegations of a substantive due process violation are logically inconsistent with the very nature of such a violation. Plaintiff claims he suffered a substantive due process violation precisely because his property was seized without notice or an opportunity to be heard. In other words, according to Plaintiff's allegations, if the City had provided adequate pre-seizure notice and an opportunity to he heard, then

---

     [6] In *Good*, the Supreme Court held that "[t]o establish exigent circumstances, the Government must show that less restrictive measures – *i.e.*, a *lis pendens*, restraining order, or bond – would not suffice to protect the Government's interests in preventing the sale, destruction, or continued unlawful use of the real property." 510 U.S. at 62. Here, the City seized the Premises because of the supposedly immediate safety hazards posed by the electromagnetic locks.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04360 AHM (OPx) | Date | August 8, 2011 |
|---|---|---|---|
| Title | MICHAEL W. POWELL v. CITY OF FONTANA, et al. | | |

he would not have suffered a substantive due process violation. But "[s]ubstantive due process violations comprise those acts by the state that are prohibited 'regardless of the fairness of the procedures used to implement them.'" *Wood v. Ostrander*, 879 F.2d 583, 589 (9th Cir. 1989) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). By acknowledging that adequate *procedural* due process (in the form of notice and an opportunity to be heard) would have prevented his alleged harm, Plaintiff's allegations fail to set forth a substantive due process violation.

### C. Injunctive Relief is Not Warranted Here Because There is No Risk of Irreparable Harm

"The equitable remedy [of injunctive relief] is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again . . . ." *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983). Even if the Court were to construe Plaintiff's allegations to be a claim based on procedural due process, there is no *continuing* due process violation that merits injunctive relief. In fact, such a claim is inconsistent with Plaintiff's own allegations.

Plaintiff frames the alleged constitutional violation as a seizure of his property "without an actual state of emergency and without first affording the plaintiff notice and an opportunity to be heard *prior* to the seizure . . . ." Motion at 9. Even assuming there was not a genuine emergency justifying the seizure, what Plaintiff fails to acknowledge is that the City did afford Plaintiff notice and an opportunity to be heard at an administrative hearing *after* the seizure, and that Plaintiff chose not to attend the hearing. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1317 (9th Cir. 1989) ("[W]here a deprivation of property is the 'result of a random and unauthorized act by a state employee' . . . meaningful predeprivation process is not possible, and . . . due process requirements may therefore be satisfied by adequate post-deprivation procedures for obtaining a remedy.") (quoting *Parrat v. Taylor*, 451 U.S. 527, 539 (1981)). Nor has Plaintiff claimed that the notice and opportunity to be heard were inadequate in any way. Thus, there is no continuing due process violation to be enjoined.

/ / /

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04360 AHM (OPx) | Date | August 8, 2011 |
|---|---|---|---|
| Title | MICHAEL W. POWELL v. CITY OF FONTANA, et al. | | |

/ / /

## III.  CONCLUSION

It may be that Plaintiff has stated a claim for damages resulting from a constitutional violation, but he has not made a clear showing that he is entitled to injunctive relief.   Based on the foregoing, the Court DENIES Plaintiff's motion for a preliminary injunction.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |